UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRIS DI FILIPPO, individually and on
behalf of others similarly situated,

                     Plaintiffs,

                                                          05 CIV. 4990 (VM)(JCF)

       -against-

                                                          **ECF CASE**

                                                          FIRST AMENDED COMPLAINT

BARCLAYS CAPITAL, INC.
                                                          JURY TRIAL DEMANDED
                Defendant.
------------------------------------------------------------X

       Plaintiff, Chris Di Filippo, by his attorneys, Beranbaum Menken Ben-Asher & Bierman LLP, complain of defendant, Barclays Capital, Inc. ("Barclays") as follows:

## PRELIMINARY STATEMENT

    1.     Plaintiff, a former Barclay's employee, brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216 (b), individually and on behalf of others similarly situated because defendants failed to pay wages for overtime work for which he did not receive any overtime premium pay, and (ii) because he is entitled to liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. Plaintiff also brings an action for payment of back wages and overtime pay under New York State law.

## JURISDICTION AND VENUE

    2.     Plaintiff invokes the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216(b), 28 U.S.C. § 1331 (this action arising under laws of the United States), and 28 U.S.C. § 1337 (this action arising under Acts of Congress regulating commerce).

    3.     This Court has supplemental jurisdiction over the state claim, by virtue of 28

U.S.C. § 1367, because the state and federal claims derive from a common nucleus of operative facts, and would ordinarily be tried in one judicial proceeding.

4. The venue of this action is proper pursuant to 28 U.S.C. § 1391(b) because the complained of activity occurred at Defendant's office, located within the Southern District of New York.

## PARTIES

5. The named plaintiff, Chris DiFilippo, in an individual, who, from June 1998 until October 2004, was employed by Barclays Capital.

6. At all relevant times, plaintiff was engaged in commerce while working for defendant, and was covered by the Fair Labor Standards Act ("FLSA").

7. The term "plaintiff" as used in this complaint refers to the named plaintiff and all clearance analysts who were or are not paid time and one half overtime pay for hours over 40, pursuant to the collective action provision of 29 U.S.C. § 216(b).

8. Upon information and belief, defendant regularly engaged employees to work on a salary without payment of time and one half overtime premium pay.

9. Defendant Barclays is a Connecticut corporation, maintains offices at 200 Park Avenue, New York, New York. Upon information and belief, Barclays has had gross revenues in excess of $500,000 for all relevant periods herein.

10. At all relevant times, defendant affected commerce within the meaning of the FLSA.

## FACTS

11. On or about June 28, 1998, Barclays hired plaintiff to work as a government clearance clerk.

2

12. Barclays, through Chris Giacomo and Mike Peregino, informed Di Filippo at the time he was offered the position that he would be paid an annual salary of $53,000/year. He was also told he would be eligible for annual bonuses.

13. During his employment, Di Filippo's salary increased. At the time he separated from the Company, his salary was approximately $75,000 per year.

14. Di Filippo's job responsibility was to clear securities through the Federal Reserve Bank, which involved inputting data into a computer, printing out reports, making sure securities were delivered, and balancing out securities at the end of the day.

15. Di Filippo did not have discretion in how to carry out his job responsibilities.

16. During the period of plaintiff's employment, there were three other employees who had the exact same job responsibilities as plaintiff had. Those employees were Bruce Gibson, David Zellen and Gabriel Villodas.

17. Upon information and belief, for at least the two years preceding the filing of the First Amended Complaint herein, defendant has employed twenty or more employees as clearance analysts, performing the same job responsibilities as plaintiff had, all of whom were misclassified as "exempt" employees.

18. During the entire period of his employment, DiFilippo regularly worked more than 40 hours per week for defendant.

19. Defendant failed to pay plaintiff overtime compensation at the rate of time and one half for all hours worked over 40. Defendant failed to pay plaintiff any overtime compensation during the period of his employment.

20. Villodas and Zellen both informed plaintiff that they were paid on an hourly basis, and regularly received overtime compensation for hours worked over 40.

3

21. Defendant's failure to pay plaintiff the proper wages required by law was willful.

22. All actions and omissions described in this complaint were made by defendant directly or through their supervisory employees and agents.

23. Di Filippo remained working for the Company until October 31, 2004, at which time he resigned.

## FIRST CAUSE OF ACTION: FLSA

24. Plaintiff hereby repeats and realleges each allegation contained in paragraphs one through 23 as if fully set forth herein.

25. Plaintiff worked over forty hours in a workweek and was not paid overtime premium pay, or paid at all, for the hours worked in excess of forty hours in a workweek.

26. Plaintiff is entitled to one and one-half of his regular rate of pay for all hours worked in excess of forty hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq.

27. Defendant's willful failure to comply with the FLSA caused plaintiff to suffer loss of wages and interest thereon.

## SECOND CAUSE OF ACTION: NEW YORK LABOR LAW

28. Plaintiff hereby repeats and realleges each allegation contained in paragraphs one through 27 as if fully set forth herein.

29. Defendant's failure to pay overtime wages to plaintiff violates New York Labor Law Articles 6 and 19 and their implementing regulations, 12 NYCRR § 138-2.1 et. seq.

30. Defendant's failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of Labor Law § 663.

31.     Defendant's failure to comply with the NY Labor Law overtime protections caused plaintiff to suffer loss of wages and interest thereon.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A.      Declare the Defendant's conduct complained of herein to be in violation of the Plaintiffs' rights as secured by the FLSA, N.Y. Lab. Law §§ 650 et seq. and the New York Labor Law §§ 190 et seq.;

B.      Direct defendant to pay owed overtime premium pay to plaintiff;

C.      Direct defendant to pay plaintiff additional amounts as liquidated damages because of defendants' willful failure to pay overtime pay pursuant to 29 U.S.C. § 216 and the New York Labor Law;

D.      Award plaintiff prejudgment interest;

E.      Award plaintiff the costs of this action together with reasonable attorneys' fees; and

F.      Grant such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
June 28, 2006

Respectfully submitted,

BERANBAUM MENKEN BEN-ASHER
& BIERMAN LLP

By: Todd A. Krichmar (TAK 0524)
80 Pine Street, 32nd Floor
New York, New York 10005
Tel. (212) 509-1616

ATTORNEYS FOR PLAINTIFF