UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
                                                     :

```
┌─────────────────────────────────────┐
│ USDS SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____                     │
│ DATE FILED: 9-25-08                  │
└─────────────────────────────────────┘
```

CHRIS DIFILIPPO, individually and on
behalf of others similarly situated,           :

                        Plaintiffs,            :

              -against-                         :        Docket No.  05-CV-4990 (VM)(JCF)

BARCLAYS CAPITAL, INC.                         :
                        Defendant.
                                               :
-----------------------------------------------------x


## FINAL JUDGMENT

In accordance with the Memorandum and Order of Final Approval of Collective Action
Settlement, entered today, it is the ORDER, JUDGMENT, and DECREE of the Court as follows:

(1) Plaintiffs' unopposed motion for approval of the proposed settlement, filed _September_,
_24_, 2008 (Doc. No. _72_ ), is granted and the settlement is approved.

(2) Pursuant to the settlement agreement, this lawsuit is dismissed with prejudice, and
without costs.

The clerk of this court is DIRECTED to enter this document on the civil docket as a final
judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this _24th_ day of
_September_, 2008:

Victor Marrero
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                              :
CHRIS DIFILIPPO, individually and on          :
behalf of others similarly situated,          :
                                              :
                         Plaintiffs,          :
                                              :
            -against-                         :         Docket No.  05-CV-4990 (VM)(JCF)
                                              :
BARCLAYS CAPITAL, INC.,                       :
                                              :
                         Defendant.           :
--------------------------------------------------------x

## MEMORANDUM AND ORDER OF FINAL
## APPROVAL OF COLLECTIVE ACTION SETTLEMENT

A.      Named Plaintiff Chris DiFilippo ("Plaintiff" or "Class Representative"), on

behalf of himself and on behalf of others similarly situated, alleged violations of the Fair

Labor Standards Act ("FLSA") and the New York State Labor Law in connection with the

compensation of Government Clearance or Government Senior Analysts, or other positions

whose job duties primarily included settling or clearing securities/trades, who were employed

by Defendant Barclays Capital, Inc. ("Defendant") between September 21, 2003 and

September 21, 2006 ("Proposed Class").

B.      Pursuant to Notice of Lawsuit, issued on July 21, 2006 to all Proposed Class

members, three former employees of Defendant timely submitted a Consent to Sue, thereby

opting-in to the class:   Aubrey Johnson, Michael Kraft and Gentree Van Blake. ("Plaintiff

Class").

C.      On August 4, 2008, the parties reached an agreement in principle on

settlement terms and subsequently reached the settlement that is memorialized in the Full and

Final Agreement in Settlement of All Claims ("Settlement Agreement").

D.      By virtue of their individual receipt, review and execution of the Settlement

Agreement, all four members of the Plaintiff Class have been given notice of the terms of the

Settlement Agreement and the opportunity to opt out or object to the Settlement. Not a single member of the Plaintiff Class opted out of or objected to the proposed Settlement Agreement, and each signed the Settlement Agreement as drafted.

E.     Having received and fully considered Plaintiffs' Unopposed Motion for Final Approval of Settlement Agreement Pursuant to the FLSA, the proposed Settlement Agreement, the Declarations of John A. Beranbaum and John F. Fullerton III in Support of Final Approval of Class/Collective Action Settlement; [and the evidence and argument received by the Court at the Fairness Hearing held on _____, 2008] [and finding that, based on the unopposed motion, supporting papers, and lack of any objection thereto, a Fairness Hearing is unnecessary] and good cause appearing; therefore, it is

ORDERED, ADJUDGED AND DECREED THAT:

1.     All terms used herein shall have the same meaning as defined in the Settlement Agreement.

2.     For purposes of this Memorandum and Order, the term "Class" means all Defendant employees, including the Named Plaintiff and all members of the Plaintiff Class, who were employed by Defendant between September 21, 2003 and September 21, 2006, inclusive, as Government Clearance or Government Senior Analysts, or other positions whose job duties primarily included settling or clearing securities/trades. The term "Plaintiff Class" shall mean those individuals who timely submitted a Consent to Sue pursuant to the Notice of Lawsuit and therefore opted to be a member of the Plaintiff Class.

3.     This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including all members of the Plaintiff Class.

4.     The Court hereby certifies the Plaintiff Class for purposes of settlement, and appoints Plaintiff Chris DiFilippo as Class Representative and the law firm of Beranbaum Menken Ben-Asher & Bierman LLP as Class Counsel for purposes of settlement.

5.     Each member of the Plaintiff Class received notice of the Settlement Agreement, and an opportunity to review it with Class Counsel, and individually signed the Settlement Agreement. Such Notice fully satisfied the requirements of due process.   No plaintiffs objected to the Settlement. No plaintiffs opted out of the Settlement.  No plaintiffs objected to the award of reasonable attorneys' fees and costs to Class Counsel.

6.     This Court hereby approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the Parties to effectuate the Settlement according to its terms.  The Court finds that the Settlement has been reached as a result of serious and non-collusive arms length negotiations. The Court further finds that the Parties have conducted extensive investigation and research, and counsel for the Parties are able reasonably to evaluate their respective positions.  The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of this Action. The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Settlement Class of that monetary recovery.

7.     The Court finds and determines that the settlement is fair, adequate and reasonable, based upon the terms set forth in the Settlement Agreement, including the Defendant's Total Settlement Payment of $260,000.00 to settle this action.

8.     The Court finds and determines that the Awards of $80,878.00 to Plaintiff Chris DiFlippo; $32,862.00 to Plaintiff Aubrey Johnson; $15,665.00 to Plaintiff Michael

Kraft; and $40,865.00 to Plaintiff Gentree Van Blake (all less applicable withholdings) are fair and reasonable, and gives final approval to and orders payment to these individuals.

9.     The Court finds and determines that $85,135.00 in reasonable attorneys' fees and $4,595.00 in costs and expenses of litigation should be paid to Class Counsel for all the work done in this matter, and gives final approval to and orders that payment for those amounts be made to Class Counsel from the $260,000.00 Total Settlement Amount, in accordance with the terms of the Settlement Agreement. Class Counsel shall not be entitled to any other award of attorneys' fees or costs in any way connected with this Action.

10.     The Court orders dismissal with prejudice of any and all FLSA and New York Labor Law claims which Plaintiffs now have or may have hereafter, directly or indirectly, personally or in a representative capacity, against Defendant and/or any of its past or present agents, attorneys, assigns, affiliates, subsidiaries, successors, predecessors, directors, officers, elected officials, appointed officials, employees, fiduciaries, trustees, beneficiaries, participants and legal representatives (each a "Released Party" and collectively "Released Parties") that arise out of, concern, or relate to Plaintiffs' compensation, including compensation for overtime, as employees of Defendant which occurred on or before the date of this Order, and also including all claims for attorneys' fees, expenses and costs and all claims which were asserted or which could have been appropriately asserted in this action under the FLSA and New York Labor Law (the "Released Federal Claims" and "Released New York Claims", respectively).

11.     The Effective Date of the Settlement Agreement is the date of this Order. All members of the Class as of the Effective Date are hereby forever barred and enjoined from prosecuting the Released Federal Claims against the Released Parties. In addition, as of the Effective Date, each and every Released New York Claim and Released Federal Claim of each and every member of the Plaintiff Class who filed a Consent to Sue form is and shall be

deemed to be conclusively released against the Released Parties.  All members of the
Plaintiff Class who filed timely Consent to Sue forms are hereby forever barred and enjoined
from prosecuting Released New York Claims and Released Federal Claims against the
Released Parties.

      12.    The Court retains jurisdiction of all matters relating to the interpretation,
administration, implementation, and enforcement of this Order and the Settlement Agreement
for one year from the Effective Date of the Settlement Agreement.

      13.    Nothing in this Order shall preclude any action to enforce Defendant's
obligations under the Settlement Agreement or under this Order, including the requirement
that Defendant make payments to the members of the Plaintiff Class in accordance with the
terms of the Settlement Agreement.

      14.    The Court finds that the Settlement Agreement is in good faith and constitutes
a fair, reasonable and adequate compromise of the Released New York Claims and Released
Federal Claims against Defendant.

        SO ORDERED, this 24/th day of
September, 2008:

        Victor Marrero
        United States District Judge